UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                      v.

KIM BENACQUISTA,
RAYMOND BENACQUISTA,

                      Defendants.

**Hon. Hugh B. Scott**

08CR94A

**Order**

Before the Court is the Government's motion to disqualify defense counsel Gary Borek due to an actual or potential conflict of interest with defendant Kim Benacquista (hereinafter "Defendant") (Docket No. 6[1]). After granting an extension of time (Docket No. 8), defense response was due by May 15, 2008, and this motion was argued on May 29, 2008 (id.), and the motion was deemed submitted on May 29, 2008. Other pretrial matters in this case were stayed pending resolution of this motion and the issue of Defendant's representation.

BACKGROUND

*Indictment*

The Indictment in this case charged Defendant with two counts of willfully making a false statement with regard to their income taxes, in violation of I.R.C. § 7206(1), and charged both defendants with one count of conspiring to defraud the United States, in violation of

---

[1]In support of the motion is an affidavit from the Government's attorney with exhibits, Docket No. 6. In opposition, defendant Kim Benacquista submitted her reply, Docket No. 9. There was no response filed by defendant Raymond Benacquista.

18 U.S.C. § 371, by under-reporting the total sales of defendants' business on their tax returns for tax years 1993-2002 (Docket No. 1, Indictment; Docket No. 6, Gov't Atty. Aff. ¶¶ 6-7). Both defendants were arraigned on April 14, 2008, where the potential conflict issue was first noted (text minute entry Apr. 14, 2008). Borek states that he represents defendant Kim Benacquista (see Docket No. 9, ¶ 2)[2].

*Factual Background*

During a civil tax audit in 2003 and the course of the criminal investigation leading to the Indictment herein, defendants executed powers of attorney for Borek (Docket No. 6, Gov't Atty. Aff. ¶ 8, n.1, Exs. B, C). As defendants' agent-in-fact, the Government contends that Borek made representations on defendants' behalf (id. ¶ 9). Borek responded to the civil auditor's queries and the Government now contends that his answers to two particular questions were false and will be used against defendants in their criminal trial (id. ¶¶ 10-13, Ex. D, Information Document Request of Sept. 12, 2003, questions 4, 5). Borek also provided a purported tax return for Defendant but that was not her actual return; the Government intends to use this at her trial (id. ¶¶ 14-15, Ex. E; see also id. ¶¶ 16, 17, Ex. G (amended return for 2002 with similar problem)). The Government concludes that Borek's actions furthered defendants' conspiracy to defraud the United States (id. ¶ 18). The Government urges that the Court engage in a Curcio review, see United States v. Curcio, 680 F.2d 881 (2d Cir. 1982), to determine whether an actual or potential conflict of interest exists between Borek and his client (id. ¶¶ 19-20). If the Court finds a conflict, the Government states that the next step is determining whether Defendant

---

[2]Amy Martoche appeared for defendant Raymond Benacquista during his arraignment, text entry, Apr. 14, 2008. Vincent Doyle subsequently appeared and now represents defendant Raymond Benacquista.

understands the nature of the conflict and whether she wishes nevertheless to retain her counsel. The Court may also find that the actual conflict is so severe that no rational client would waive it and the Court must disqualify counsel, see United States v. Kliti, 156 F.3d 150, 153 (2d Cir. 1998). (Id. ¶ 21.)

Borek denies that he was acting as an attorney in fact for defendants, but was acting as their attorney at law (Docket No. 9, Def. Response ¶¶ 4.1, 5-9), he merely furnished information to the Internal Revenue Service ("IRS") as counsel representing defendants before the IRS (id. ¶ 4.1). Borek appeared before the IRS, as indicated in its Form 2848, as an attorney at law, with that form constituting the equivalent of an admission certificate to practice before the Service (id. ¶ 5; see Docket No. 6, Gov't Atty. Aff. Exs. B, C, page 2). Borek denies that Form 2848 constitutes a general power of attorney (Docket No. 9, Def. Response ¶ 10.2) but that form allowed him to furnish his clients' information that otherwise could not be furnished under Treasury Regulations (id. ¶¶ 13-14). Defendant argues that the Government is precluded from calling Borek as a witness by the attorney-client and work product (see Hickman v. Taylor, 329 U.S. 495 (1947)) privileges (id. ¶ 16), see In re Grand Jury Subpoena Dated Oct. 22, 2001, 282 F.3d 156 (2d Cir. 2002).

The Government initially argues that Borek was attorney in fact for defendants (see Docket No. 6, Gov't Atty. Aff. ¶ 9). At oral argument, the Government concedes that Borek represented defendants as their attorney at law but the Government contends that its analysis is not changed by this fact.

3

DISCUSSION

This Court has "broad latitude in making a decision whether to disqualify a defendant's chosen counsel," United States v. Fulton, 5 F.3d 605, 614 (2d Cir. 1993) (citing Wheat v. United States, 486 U.S. 153, 163 (1988)).  But this decision also creates a dilemma for the Court, as noted by the Circuit Court in Fulton, "if the judge disqualifies the attorney, the defendant may argue that he was unfairly denied the attorney of his choice; if the judge fails to so disqualify the attorney, the defendant may still contend that he was denied effective assistance of counsel," 5 F.3d at 614.

At oral argument, Borek denied that there was any ethical issue here in having him represent Defendant, resting upon his contention that he can not be called as a witness by the Government.  But, as the Government notes, the conflict involved is the choice Defendant will have if Borek is called (or even if his role is referred to through the testimony of other witnesses and evidence).  "The test for disqualifying counsel is whether counsel 'ought to be called' as a witness." Keoseian v. von Kaulbach, 707 F. Supp. 150, 154 (S.D.N.Y. 1989) (citing ABA Code of Professional Responsibility, DR 5-102).   New York State Code of Professional Responsibility Disciplinary Rule 5-102(A) ("DR 5-102") provides that

> "A lawyer shall not act, or accept employment that contemplates the lawyer's acting, as an advocate on issues of fact before any tribunal if the lawyer knows or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client, except that the lawyer may act as an advocate and also testify:
> (1) If the testimony will relate solely to an uncontested issue.
> (2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
> (3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or the lawyer's firm to the client.

>   (4) As to any matter, if disqualification as an advocate would work a substantial hardship on the client because of the distinctive value of the lawyer as counsel in the particular case."

N.Y.S. Code of Professional Responsibility DR 5-102(A), 22 N.Y.C.R.R. § 1200.21(a)[3]. The reasons for this ban against an attorney also testifying as a witness is to protect the legal profession as a whole from an unseemly public image and to avoid confusion of lay persons when a matter is tried to a jury. Keoseian, supra, 707 F. Supp. at 154. An attorney cannot act both as an advocate and as a witness, Fulton, supra, 5 F.3d at 610 (citing N.Y. Jud. Law, DR 5-102(A)) (Docket No. 6, Gov't Atty. Aff. ¶ 22). "It is well-settled in this circuit that an actual conflict of interest exists when an attorney engages in wrongful conduct related to the charge for which the client is on trial," id., at 609 (citing United States v. Jones, 900 F.2d 514 (2d Cir.), cert. denied, 498 U.S. 846 (1990)), the conflict being the "'potential for diminished effectiveness in representation'" while the attorney is accused, id. at 610 (quoting Mannhalt v. Reed, 847 F.2d 576, 581 (9th Cir. 1988)) or (if the accusation against counsel is false) the loss of cross-examination, id.

In Fulton, the Second Circuit held that an actual conflict existed when lead counsel for a defendant charged with drug possession and importation was accused by a government witness

---

[3]See also id. DR 5-102(C), (D), 22 N.Y.C.R.R. § 1200.21(c), (d) ("(c) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client, the lawyer shall not serve as an advocate on issues of fact before the tribunal, except that the lawyer may continue as an advocate on issues of fact and may testify in the circumstances enumerated in paragraphs (a)(1) through (4) of this section. (d) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer or a lawyer in his or her firm may be called as a witness on a significant issue other than on behalf of the client, the lawyer may continue the representation until it is apparent that the testimony is or may be prejudicial to the client at which point the lawyer and the firm must withdraw from acting as an advocate before the tribunal.")

of drug trafficking himself, because that counsel was precluded from cross-examining that witness on the question of the counsel's alleged illegal conduct, 5 F.3d at 610-11. Under this Circuit's per se rule, continued representation by that counsel constituted a deprivation of defendant's Sixth Amendment rights, id. at 611-12, and any waiver of that conflict by that defendant was held to be ineffective, id. at 612-14.

Mr. Borek's dual role as attorney and witness is similar to the situation in MacArthur v. Bank of New York, 524 F. Supp. 1205 (S.D.N.Y. 1981), where the court ordered defense counsel to withdraw under DR 5-102(A) when it became apparent that the attorney was also a material fact witness. The court in MacArthur noted the mandatory nature of DR 5-102 with the Ethical Consideration supporting the Disciplinary Rules preferring the attorney testifying but withdrawing from representation, id. at 1209 (quoting EC 5-10). A client can not waive DR 5-102, id. "The mandatory nature of DR 5-102(A) also requires that the court be able to disqualify counsel sua sponte when the need arises." Id. That court concluded "where neither party moves for disqualification, the court must intervene to ensure that the mandate of DR 5-102(A) is followed." Id. at 1209-10.

"The disqualification of an attorney in order to forestall violation of ethical principles is a matter committed to the sound discretion of the district court." Purgess v. Sharrock, 33 F.3d 134, 144 (2d Cir. 1994) (citations omitted). "'Disqualification may be required only when it is likely that the testimony to be given by [counsel] is necessary.'" Id. (quoting S & S Hotel Ventures, supra, 69 N.Y.2d at 445-46, 515 N.Y.S.2d 739, citing in turn Foley & Co. v. Vanderbilt, 523 F.2d 1357, 1359 (2d Cir. 1975)). "Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the

significance of the matters, weight of testimony, and availability of other evidence." S & S Hotel Ventures, supra, 69 N.Y.2d at 446, 515 N.Y.S.2d at 739.  In the criminal context as here, the Court may abuse its discretion in not disqualifying counsel in such a conflict with his client, see Fulton, supra, 5 F.3d at 614.

Here, Borek transmitted documents and responses from defendants that the Government now contends somehow advanced the alleged conspiracy, and that Borek made representations the Government argues were part of the conspiracy to defraud the United States.  Even if this case is not as extreme as faced by the attorney in United States v. Fulton, supra, 5 F.3d at 607, 609-11, where the defense attorney was accused of criminal conduct and (even if false) restricting defense cross-examination of the attorney's accuser, Borek's involvement in the alleged criminal conspiracy here is an actual conflict with Defendant.  As in Fulton,

> "even if the attorney is demonstrably innocent and the government witness's allegations are plainly false, the defense is impaired because vital cross-examination becomes unavailable to the defendant.  Ordinarily, a witness's blatantly false allegations provide a rich source for cross-examination designed to cast doubt on the witness's credibility; but, when the allegations are against the defendant's attorney, this source cannot be tapped.  An attorney cannot act both as advocate for his client and a witness on his client's behalf. N.Y. Jud. Law, DR 5-102(A) (McKinney 1993).  And, in questioning a witness concerning his allegations against the attorney, the attorney effectively becomes an unsworn witness."

Fulton, supra, 5 F.3d at 610 (citations omitted).  The conflict here is actual and so severe that Defendant can not, as a reasonable client, be deemed to have waived it.  Thus, this Court will not engage in the usual Curcio inquiry whether Defendant waives this conflict.

The Court recognizes that disqualification ultimately deprives a party of counsel of her choice and can stall an action, see S & S Hotel Ventures, supra, 69 N.Y.2d at 443, 515 N.Y.S.2d

7

at 738. Speedy trial principles are implicated by changing counsel under these circumstances, cf. 18 U.S.C. § 3161(h)(8)(A) (continuity of counsel as ends of justice for tolling speedy trial clock).

Defendant and Borek rely upon In re Grand Jury Subpoena as a shield against Borek ever being compelled to testify, hence allowing Borek to continue his representation here without conflict. The Second Circuit there held compelling the testimony of an attorney before the grand jury was precluded on work product grounds, 282 F.3d at 160, with the court not addressing whether the attorney could be compelled to testify at trial, id. at 161, or if the Government issues new subpoena summoning that attorney before a second grand jury, id. at 160. The Second Circuit there distinguished the situation of the defendant who commits a crime in his attorney's presence (where the client may expect to have that attorney called as a witness) from where the defendant retains counsel to represent him regarding past crimes and not fearing that the attorney may be called to testify as to the defendant's admissions or denials regarding the past crimes, id. at 160. This case is closer to the former situation; Defendant used Borek to make representations during the IRS civil audit that the Government now argues are part of the alleged continuing conspiracy to defraud the United States. As in In re Grand Jury Subpoena, this Court does not yet face the situation of Borek being subpoenaed by the Government to testify as to his role in presenting materials to the civil auditor.

Borek invokes IRS Form 2848 (Docket No. 6, Gov't Atty. Aff. Exs. B, C) as another shield to personal involvement on his part in defendants' alleged activities, arguing that he merely served as their attorney at law in submitting the sought documents (such as the responses to the information document requests and production of defendants' tax returns). During oral argument, Borek repeated that he was merely transmitting information from his clients to the

IRS.  But, as the Government argues, his status as an attorney at law does not insulate Borek or this situation from the conflict of interest.  When Borek's role in the civil audit is revealed, Defendant will be in the dilemma of how to address it, either by Defendant waiving her right to self-incrimination and testifying or Borek taking the stand and risking cross-examination.

Borek alternatively argues that he can still represent Defendant through the pretrial phase of this case even if he may be compelled to testify at trial, cf. 22 N.Y.C.R.R. § 1200.21(d), DR 5-102(D).  But the activities within the pretrial phase–including discovery, motion practice to obtain discovery or suppress evidence, plea negotiations (or the decision whether to conduct such negotiations)–are implicated by trial strategy, including dealing with what may occur if Borek testifies (or testimony is introduced about his role in this matter).

## CONCLUSION

For the reasons stated above, the Government's motion to disqualify defendant Kim Benacquista's counsel Gary Borek (Docket No. 6) is **granted**.  Parties are to appear at a status conference on **Monday, June 30, 2008, 10 am**, regarding Defendant's new counsel.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       June 9, 2008